# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FATIN A. HALLOWAY, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MRS BPO, LLC,<br><br>　　　　Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 1:19-cv-01706<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

**NOW COMES** Fatin A. Halloway ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of Defendant, MRS BPO, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of Plaintiff and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Illinois.

6. Defendant's principle office is located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

8. In 2009, Plaintiff defaulted on a Comenity Capital Bank credit card in the amount of $326.00 ("subject debt").

9. While Plaintiff was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

10. The instant action stems from Defendant's attempt to collect upon past due credit card payments said to be owed by Plaintiff.

11. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

12. On September 4, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See* Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff dated September 4, 2018.

13. The Collection letter identifies the "Charge off Date" as December 12, 2010.

14. The Collection Letter offers Plaintiff three options to resolve the subject debt.

15. The Collection letter misleadingly fails to mention that if Plaintiff chooses any of the options offered in Defendant's Collection letter, then the Statute of Limitation to sue on the subject debt will be renewed.

16. Therefore, Defendant's Collection Letter seeks to induce Plaintiff into paying the subject debt by dangling an illusory offer and renewing the Statue of Limitations in order to sue Plaintiff on the subject debt.

17. As such, the above referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

18. Defendant's communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are not subject of judgment.

19. Defendant's unfair techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay debts that are not the subject of judgment.

20. Plaintiff has suffered from emotional distress as she believed that she only had the three options offered by Defendant's collection letter.

21. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons who received a collection letter from Defendant during the one year preceding the filing of this action through the date of class certification, that contained offers to resolve the subject debt and not mentioning the Statute of Limitation to sue on the debt has expired substantially similar to the language of the Collection Letter attached hereto as Exhibit A.

23. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

24. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

25. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA.

26. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

27. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

28. This questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class Members containing offers to resolve the debt without mention the Statute of Limitation to

sue on the subject debt has expired; (ii) the type and amount of relief to which the Plaintiff and Class members are entitled.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

35. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

37. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices.

    a. **Violations of 15 U.S.C § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it misleadingly provided an illusory offer for three options of resolving the subject debt and deceptively failing to mention the Statute of Limitations to sue on subject debt has expired and any payment made towards the subject debt will renew the Statute of Limitations. An unsophisticated consumer would not be aware that making a payment on a debt could have legal consequences and obligations. This one-sided offer, absent any further clarifying language in the Collection Letter, illustrates the misleading and deceptive nature of Defendant's Collection Letter and further demonstrates the potential harm suffered by consumers who accept Defendant's terms yet are then exposed to legal consequences.

    b. **Violations of 15 U.S.C. § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated 15 U.S.C. § 1692f when it unfairly sought to take advantage of Plaintiff's lack of knowledge of the Statute of Limitations on suing on a debt. Defendant sought to unfairly explosive Plaintiff to possible litigation by inducing her to make a payment on the subject debt and renewing the Statute of Limitations to sue on a subject debt. Plaintiff could go about paying the subject debt yet ultimately be exposed to legal consequences. Defendant's conduct is inherently unfair and unconscionable under the FDCPA.

**WHEREFORE**, Plaintiff, FATIN A. HALLOWAY, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoining Defendant from further sending any letters that contained offers to resolve the subject debt and not mentioning the Statute of Limitation to sue on the debt has expired substantially similar to the language of the Collection Letter attached hereto as Exhibit A.

c. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

d. Statutory damages under 15 U.S.C. § 1692k(a);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: March 11, 2019                                    Respectfully Submitted,


/s/ Marwan R. Daher                                      /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                    Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                  *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                    South Highland Avenue, Suite 200
Lombard, IL 60148                                        Lombard, IL 60148
Telephone: (630) 537-1770                                Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                   osulaiman@sulaimanlaw.com