UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FATIN A. HALLOWAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MRS BPO, LLC, )<br>)<br>Defendant. ) | Case No. 1:19-cv-01706 |

## ANSWER OF DEFENDANT MRS BPO, LLC

MRS BPO, LLC ("Defendant" or "MRS"), as and for its Answer to the Complaint of Fatin A. Halloway ("Plaintiff"), in the above-entitled matter, denies each and every allegation of the Complaint except as expressly admitted or qualified hereafter.

### NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of Plaintiff and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 for Defendant's unlawful conduct.

**Answer**: In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to assert claims under the FDCPA. Defendant denies that it violated the law and denies that a class can be certified under Fed. R. Civ. P. 23.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**Answer**: In response to paragraph 2 of the Complaint, Defendant admits that the statutes referenced confer jurisdiction upon this Honorable Court, but denies that it violated any law that

would subject it to such jurisdiction. Defendant further denies that Plaintiff has standing under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**Answer**: In response to paragraph 3 of the Complaint, Defendant admits that it has attempted to collect debts from debtors located within the Northern District of Illinois. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**Answer**: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Illinois.

**Answer**: In response to paragraph 5 of the Complaint, Defendant admits that it is engaged in the business of collecting delinquent debts owed or allegedly owed by others, that it uses the mail and/or telephone, and that it has attempted to collect debts from individuals

residing in Illinois. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Defendant's principle office is located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

**Answer**: In response to paragraph 6 of the Complaint, Defendant admits that it has an office located at the stated address. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

**Answer**: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

## ALLEGED FACTS

8. In 2009, Plaintiff defaulted on a Comenity Capital Bank credit card in the amount of $326.00 ("subject debt").

**Answer**: In response to paragraph 8 of the Complaint, Defendant admits that Plaintiff incurred a debt to Comenity Capital Bank. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint.

9. While Plaintiff was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

**Answer**: In response to paragraph 9 of the Complaint, Defendant admits, upon information and belief.

3

10. The instant action stems from Defendant's attempt to collect upon past due credit card payments said to be owed by Plaintiff.

**Answer**: In response to paragraph 10 of the Complaint, Defendant admits that it attempted to collect a debt Plaintiff incurred to Comenity Capital Bank. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

**Answer**: In response to paragraph 11 of the Complaint, Defendant admits.

12. On September 4, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See* Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff dated September 4, 2018.

**Answer**: In response to paragraph 12 of the Complaint, Defendant admits.

13. The Collection letter identifies the "Charge off Date" as December 12, 2010.

**Answer**: In response to paragraph 13 of the Complaint, Defendant denies.

14. The Collection Letter offers Plaintiff three options to resolve the subject debt.

**Answer**: In response to paragraph 14 of the Complaint, Defendant admits.

15. The Collection letter misleadingly fails to mention that if Plaintiff chooses any of the options offered in Defendant's Collection letter, then the Statute of Limitation to sue on the subject debt will be renewed.

4

**Answer**: In response to paragraph 15 of the Complaint, Defendant admits that the letter does not state "that if Plaintiff chooses any of the options offered in Defendant's Collection letter, then the Statute of Limitation to sue on the subject debt will be renewed," but denies that the letter is misleading.

16. Therefore, Defendant's Collection Letter seeks to induce Plaintiff into paying the subject debt by dangling an illusory offer and renewing the Statue of Limitations in order to sue Plaintiff on the subject debt.

**Answer**: In response to paragraph 16 of the Complaint, Defendant denies.

17. As such, the above referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

**Answer**: In response to paragraph 17 of the Complaint, Defendant denies.

18. Defendant's communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are not subject of judgment.

**Answer**: In response to paragraph 18 of the Complaint, Defendant denies.

19. Defendant's unfair techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay debts that are not the subject of judgment.

**Answer**: In response to paragraph 19 of the Complaint, Defendant denies.

20. Plaintiff has suffered from emotional distress as she believed that she only had the three options offered by Defendant's collection letter.

**Answer**: In response to paragraph 20 of the Complaint, Defendant denies.

21. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

**Answer**: In response to paragraph 21 of the Complaint, Defendant denies.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class: All persons who received a collection letter from Defendant during the one year preceding the filing of this action through the date of class certification, that contained offers to resolve the subject debt and not mentioning the Statute of Limitation to sue on the debt has expired substantially similar to the language of the Collection Letter attached hereto as Exhibit A.

**Answer**: In response to paragraph 22 of the Complaint, Defendant admits that Plaintiff purports to bring this lawsuit on behalf of a class containing the stated individuals but denies that it violated the law and denies that a class can be certified under Fed. R. Civ. P. 23.

23. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

**Answer**: In response to paragraph 23 of the Complaint, Defendant denies.

24. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

**Answer**: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA.

**Answer**: In response to paragraph 25 of the Complaint, Defendant denies.

26. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

**Answer**: In response to paragraph 26 of the Complaint, Defendant denies.

27. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

**Answer**: In response to paragraph 27 of the Complaint, Defendant denies.

28. This questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class Members containing offers to resolve the debt without mention the Statute of Limitation to sue on the subject debt has expired; (ii) the type and amount of relief to which the Plaintiff and Class members are entitled.

**Answer**: In response to paragraph 28 of the Complaint, Defendant denies.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

**Answer**: In response to paragraph 29 of the Complaint, Defendant denies.

ALLEGED CAUSE OF ACTION

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

**Answer**: In response to paragraph 30 of the Complaint, Defendant adopts by reference paragraphs 1 through 29 of this Answer as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

7

**Answer**:  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**Answer**:  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

**Answer**:  In response to paragraph 33 of the Complaint, Defendant admits that it is in the business of collecting delinquent debts owed to third parties and that it regularly collects debts and uses the mail and/or telephone.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

**Answer**:  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

**Answer**:  In response to paragraph 35 of the Complaint, Defendant admits it sent a letter to Plaintiff in an attempt to collect a debt.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

4655531v2

36. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

**Answer**: In response to paragraph 36 of the Complaint, Defendant admits it sent a letter to Plaintiff in an attempt to collect a debt. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint.

37. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices.

**Answer**: In response to paragraph 37 of the Complaint, Defendant denies.

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**Answer**: In response to paragraph 38 of the Complaint, Defendant admits that Plaintiff purports to quote the FDCPA, but denies these allegations to the extent that Plaintiff's quotation is inaccurate and denies that it violated the law.

39. In addition, this section enumerates specific violations, such as: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**Answer**: In response to paragraph 39 of the Complaint, Defendant admits that Plaintiff purports to quote the FDCPA, but denies these allegations to the extent that Plaintiff's quotation is inaccurate and denies that it violated the law.

40. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it misleadingly provided an illusory offer for three options of resolving the subject debt and deceptively failing to mention

the Statute of Limitations to sue on subject debt has expired and any payment made towards the subject debt will renew the Statute of Limitations. An unsophisticated consumer would not be aware that making a payment on a debt could have legal consequences and obligations. This one-sided offer, absent any further clarifying language in the Collection Letter, illustrates the misleading and deceptive nature of Defendant's Collection Letter and further demonstrates the potential harm suffered by consumers who accept Defendant's terms yet are then exposed to legal consequences.

**Answer**:  In response to paragraph 40 of the Complaint, Defendant denies.

41. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**Answer**:  In response to paragraph 41 of the Complaint, Defendant admits that Plaintiff purports to quote the FDCPA, but denies these allegations to the extent that Plaintiff's quotation is inaccurate and denies that it violated the law.

42. Defendant violated 15 U.S.C. § 1692f when it unfairly sought to take advantage of Plaintiff's lack of knowledge of the Statute of Limitations on suing on a debt. Defendant sought to unfairly explosive Plaintiff to possible litigation by inducing her to make a payment on the subject debt and renewing the Statute of Limitations to sue on a subject debt. Plaintiff could go about paying the subject debt yet ultimately be exposed to legal consequences. Defendant's conduct is inherently unfair and unconscionable under the FDCPA.

**Answer**:  In response to paragraph 42 of the Complaint, Defendant denies.

43. Defendant denies that Plaintiff is entitled to the relief requested in her prayer for relief and that Plaintiff is entitled to a jury trial because Defendant did not violate any law.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because she has not sustained any cognizable injury or damages.

### THIRD DEFENSE

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant. Damages or injuries, if any, suffered by Plaintiff may be attributable, in whole or in party, to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Defendant.

### FOURTH DEFENSE

Any violation of the law, which Defendant denies, was not material.

### FIFTH DEFENSE

Any violation of any law, which Defendant denies, was the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. In this matter, Plaintiff asserts violations based on the nature, context and substance of a collection communication. Defendant employs policies and procedures designed to avoid the use of false, deceptive, misleading, unfair or unconscionable means in connection with the collection of debts, including policies related to the collection of debt for which a lawsuit is barred by the applicable statute of limitations. It also employs policies and procedures to ensure compliance

with applicable law. These policies are reasonably adapted to avoiding the violations of law Plaintiff purports to allege in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

## SEVENTH DEFENSE

Plaintiff's claims against Defendant may subject to an arbitration provision and Plaintiff may be required to raise his claims against Defendant in that forum.

## EIGHTH DEFENSE

The alleged class cannot be certified under Fed. R. Civ. P. 23.

## RESERVATION

Defendant reserves the right to plead additional defenses or otherwise amend its Answer pursuant to Fed. R. Civ. P. 8(c) and 12(b) and as may be revealed through discovery and upon further particularization of Plaintiff's claims.

WHEREFORE, Defendant prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

Dated: April 8, 2019                                  Respectfully Submitted,


                                                      /s/Bradley R. Armstrong
                                                      Attorney for Defendant

Bradley R. Armstrong (MN Bar 393524)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402
Tel: (612) 877-5000
Fax: (612) 877-5999
Bradley.armstrong@lawmoss.com

13

**CERTIFICATE OF SERVICE**

   I certify that on this 8th day of April, 2019, a copy of the foregoing document was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

  Marwan R. Daher
  Omar T. Sulaiman
  Sulaiman Law Group
  2500 South Highland Ave., Suite 200
  Lombard, IL 60148
  mdaher@sulaimanlaw.com
  osulaiman@sulaimanlaw.com

              /s/ Bradley R. Armstrong
              Attorney for Defendant

14